FILED
Clerk
District Court

MAR 16 2012

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SEVERINO U. ALFOREZA, JR., <br><br> Plaintiff, <br><br> v. <br><br> SAIPAN LAULAU DEVELOPMENT INC., *dba* LAOLAO BAY GOLF & RESORT, DAEWOO ENGINEERING AND CONSTRUCTION CO., LTD., and JOHN JONES, jointly and severally, <br><br> Defendants. | Case No.: 1:11-CV-00009 <br><br><br> **ORDER DISMISSING DEFENDANT DAEWOO FOR LACK OF SUBJECT MATTER JURISDICTION** |

This matter came before the Court on Defendant Daewoo Engineering and Construction Company's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 19, 20) The Court *sua sponte* questioned whether it had subject matter jurisdiction over this diversity action. Having considered all the papers as well as the oral arguments of both counsel at a hearing on March 15, 2012, the Court now rules.

## I. Background

On April 13, 2011, Plaintiff Severino U. Alforeza, Jr. ("Alforeza") brought tort claims against Saipan Laulau Development Inc. ("SLDI") and an unnamed Doe to recover damages for

injuries he sustained when he was struck by a golf ball. In the Complaint (Dkt. No. 1), Alforeza alleged that on July 18, 2009, while at work as a mason on a construction site at SLDI's LaoLao Bay Golf & Resort ("LaoLao Bay"), an unknown golfer hit an errant tee shot on the seventeenth hole of the West Course. The ball struck Alforeza in the left chest and caused injuries, including an inguinal hernia that required surgery. (Compl. ¶¶ 19–25.)

Alforeza asserted that the Court had diversity jurisdiction over the action because a sufficient amount was in controversy and the parties were completely diverse, Alforeza being a citizen of the Republic of the Philippines and SLDI being a citizen of the Commonwealth of the Northern Mariana Islands ("CNMI"). (Compl. ¶ 1.)

On December 15, 2011, Alforeza filed a First Amended Complaint ("FAC," Dkt. No. 17). In the FAC, Alforeza named the Doe (John Jones) and added as a defendant Daewoo Engineering and Construction Co., Ltd. ("Daewoo"). He alleged that Daewoo is a foreign corporation organized under the laws of the Republic of Korea ("ROK") and that Daewoo was the general or prime contractor for the work at LaoLao Bay. (FAC ¶ 10.)

On January 24, 2012, Daewoo filed a Notice of Motion and Motion to Dismiss ("MTD," Dkt. No. 20), on grounds that all of Alforeza's claims against Daewoo are time-barred by the applicable statute of limitations (Memorandum in Support of Defendant [Daewoo]'s Motion to Dismiss, Dkt. No. 19 (citing 7 CMC § 2503(d)).) Alforeza opposed the MTD and moved for summary judgment and default against Daewoo.

On February 17, 2012, the Court *sua sponte* issued an order directing the parties to address the issue of subject matter jurisdiction. (Order Re: (1) Daewoo's Motion to Dismiss, (2) Briefing Schedule, and (3) Jurisdiction ("Order," Dkt. No. 24).) The Court noted that from the FAC, it appeared that Alforeza and Daewoo are both aliens for diversity purposes, and that by

adding Daewoo as a defendant, Alforeza may have destroyed subject matter jurisdiction. (*Id.* at 2–3.) The Court ordered Alforeza to submit an affidavit stating whether he had been admitted to the United States for permanent residence, and granted the parties leave to brief the jurisdictional issue. (*Id.* at 3–4.) Subsequently, Alforeza attested that he was a citizen of the Republic of the Philippines and was not admitted to the United States for permanent residence. (Declaration Re: Plaintiff's Immigration Status, "Decl.," Dkt. No. 25.) Daewoo addressed jurisdiction in its reply brief (Dkt. No. 26), and Alforeza submitted a supplemental brief on jurisdiction (Dkt. No. 28).

## II. Discussion

Federal courts are courts of limited jurisdiction, possessing only such power as is authorized by the Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (U.S. 1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A district court has original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States [or] (2) citizens of a State and citizens or subjects of a foreign state." 18 U.S.C. § 1332(a). For purposes of diversity jurisdiction, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." *Id.* Also, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 18 U.S.C. § 1332(c). "Principal place of business" is the corporation's "nerve center," "the place where a corporation's officers direct, control, and coordinate the corporation's activities[,]" normally the place "where the corporation maintains its headquarters . . ." *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010).

Diversity between all plaintiffs and all defendants must be complete. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Diversity of citizenship is assessed at the time the action is filed. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). An alien may not maintain a suit in diversity against another alien: "Where an alien is made co-defendant with a citizen-defendant by an alien plaintiff, . . . there is no jurisdiction over the alien. If the alien defendant is indispensable, . . . .there is no jurisdiction at all." *Faysound, Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989).

Plaintiff Alforeza is a citizen of the Republic of the Philippines who was not admitted to the United States for permanent residence. (Decl.) Therefore, he is foreign citizen for diversity purposes.

As Alforeza's own exhibits show, Daewoo is a corporation organized under the laws of the Republic of Korea which at all times relevant was doing business in the CNMI as a registered foreign corporation. (Pl. Ex. 7, Dkt. No. 21-8.) Alforeza does not assert, and the evidence does not indicate, that the CNMI was Daewoo's principal place of business. In an application filed by Daewoo with the CNMI Department of Commerce on December 15, 2011, Daewoo attests that it was organized under ROK law, it is presently incorporated in the ROK, its principal office is in Seoul, and it is not presently transacting any business in the CNMI. (*Id.*) Based on these facts, Daewoo is a foreign citizen for diversity purposes, and Alforeza has destroyed diversity by adding Daewoo as a defendant.

At the hearing, Alforeza argued that because diversity was established when the action was commenced by the filing of the original complaint, the addition of a nondiverse defendant in the amended complaint cannot destroy jurisdiction. In support, Alforeza cited to the United States Supreme Court case *Freeport-McMoRan* for the proposition that "[d]iversity jurisdiction,

once established, is not defeated by the addition of a nondiverse party to the action." *Freeport-McMoRan*, 498 U.S. at 428. However, the rule is not so broad as this quotation out of context may suggest. In *Freeport-McMoRan*, a breach-of-contract case, the original plaintiff sought to substitute a nondiverse plaintiff to whom it had transferred its interest in the contract. *Id.* at 427. This additional plaintiff had "no interest whatsoever in the outcome of the litigation until sometime after suit was commenced." *Id.* at 428. The substitution was consistent with Fed. R. Civ. P. 25(c), which permits the continuation of the action if an interest is transferred by the original party. Daewoo, by contrast, as the contractor responsible for the worksite where Alforeza was injured, is being sued for its own alleged negligent conduct, and so it had a separate interest from the start of this tort action. *Freeport-McMoRan* merely reaffirmed the longstanding rule that once diversity of citizenship has been established, "such jurisdiction may not be divested by subsequent events" such as "a subsequent change in the citizenship of the parties." *Id.* at 428 (internal citations omitted). Because no subsequent event unrelated to the subject matter of the litigation occurred here, *Freeport-McMoRan* is not on point.

This conclusion is consistent with the holdings of many circuits that limit the *Freeport-McMoRan* statement, narrowly interpreting it to "refer[] mainly to post-filing transfers of interest – not to all post-filing additions of non-diverse parties." *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136, 140 (1st Cir. 2004) (plaintiff destroyed diversity when it amended its complaint to add nondiverse defendant); *accord Estate of Alvarez v. Donaldson Co.*, 213 F.3d 993, 994–95 (7th Cir. 2000); *Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 680–81 (5th Cir. 1999); *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 861 (11th Cir. 1998). Typically, such post-filing transfers necessitate a mere "procedural move" under Fed. R. Civ. P. 25. *Am. Fiber & Finishing*, 362 F.3d at 140. Were such moves to destroy diversity, the effect might be to "deter[]

normal business transactions during the pendency of what might be lengthy litigation." *Freeport McMoRan,* 498 U.S. at 428–29. The procedural posture and rationale of *Freeport-McMoRan* "limit its precedential value." *Am. Fiber & Finishing,* 362 F.3d at 140. The addition of Daewoo in this case is not a procedural move that comes under the *Freeport-McMoRan* rule.

### III. Conclusion

For the foregoing reasons, the Court finds that the addition of Daewoo as a defendant in the First Amended Complaint destroys diversity jurisdiction. Alforeza asked that, in the event the Court found diversity jurisdiction is destroyed, Daewoo be dismissed from this action as a dispensible party so that the Court may retain jurisdiction. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.") For cause shown, the Court dismisses Daewoo from this action. Therefore, Daewoo's motion to dismiss and Alforeza's cross motion for summary judgment and default against Daewoo are moot.

**IT IS SO ORDERED** this 16th day of March, 2012.

RAMONA V. MANGLONA
Chief Judge